**JIAN QUAN CHEN, Petitioner,**

v.

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 06–5514–ag.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jian Quan Chen, a citizen of the People's Republic of China, seeks review of a November 9, 2006 order of the BIA affirming the June 15, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Quan Chen,* No. A73 595 700 (B.I.A. Nov. 9, 2006), *aff'g* No. A73 595 700 (Immig. Ct. N.Y. City June 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, contrary to the government's argument, we have jurisdiction to review Chen's claims. Where, as here, the BIA considers a claim despite the applicant's failure to raise it, the claim is considered exhausted and may be reviewed by this Court. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir. 2006).

Where the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions. *Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

§ 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

Here, the IJ's adverse credibility determination was supported by substantial evidence. Chen's omission of a significant fact—his wife's alleged forced abortion—from his asylum application and asylum interview provided a sufficient basis upon which the agency could conclude that he was not credible. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453–54 (2d Cir. 2006) (upholding agency's adverse credibility determination where applicant failed to mention his wife's forced sterilization despite the fact that his claim for asylum was based on his failure to comply with China's family planning policy). Although the agency could have accepted Chen's explanation for this omission, the agency was not compelled to make that finding, particularly given the fact that Chen specifically asserted in his application and interview that he did not have problems with family planning authorities until five years after the forced abortion allegedly occurred. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, the IJ reasonably decided to give little weight to the abortion certificate submitted into evidence because the record indicates that it was not authenticated. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 263 (2d Cir. 2007).

Because Chen failed to establish a credible well-founded fear of future persecution and because the only evidence of a threat to his life or freedom depended upon his credibility, the IJ's adverse credibility determination as to Chen's asylum claim necessarily precludes any success on his claim for withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). Further, because Chen failed to challenge the agency's denial of his relief under the CAT, any

such argument is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.